BUTLER, Respondent, vs. TEMPLETON, Executor, Appellant.

*September 23—October 21, 1902.*

*County courts: Appeal: Stay of proceedings: Limitation of time to
present claims.*

Under sec. 4036, Stats. 1898 (providing that after an appeal is
claimed and notice given "all further proceedings in pursuance
of the act appealed from shall cease until the appeal shall be
determined"), an appeal from an order admitting a will to pro-
bate does not affect an order, made prior to the appeal, limiting
the time for creditors to present claims, nor the publication of
notice to creditors nor the running of the limitation pursuant
to such last-mentioned order.

APPEAL from a judgment of the circuit court for Waukesha
county: JAMES J. DICK, Circuit Judge. *Reversed.*

William Butler died testate February 25, 1900, and his
will was duly admitted to probate in the county court of
Waukesha county April 16, 1900, against objections thereto
which had been filed by several children of the deceased, in-
cluding the respondent. On the same day the appellant,
*Templeton*, was appointed executor, and duly qualified, and
letters were issued to him. At the same time the county court
made an order limiting the time within which claims against

the estate should be presented till November 1, 1900, and notifying creditors that all claims would be examined on the first Tuesday of November, 1900, and directing publication of the order for four consecutive weeks in the newspaper designated in the order. The order was published for four weeks, beginning April 19, 1900, in accordance with its terms, and due proof of this publication is filed. April 24, 1900, the contestants appealed to the circuit court from the order of probate. No appeal was ever taken from the order limiting the time to hear claims. May 23, 1900, the order admitting the will to probate was reversed by the circuit court of Waukesha county, and thereafter, upon appeal to this court, the judgment of the circuit court was reversed, and the case remanded with directions to affirm the judgment of the county court. *In re Butler's Will,* 110 Wis. 70, 85 N. W. 678. The record was filed in the county court June 15, 1901. May 4, 1901, the respondent presented a claim against the estate of said deceased to the county court. Thereafter the executor moved to dismiss said claim because not presented within the time limited by the order of April 16, 1900. The county court granted this motion, and at the same time denied a counter motion by the respondent praying that a time and place be fixed when the claim would be heard and passed upon. From this judgment the claimant appealed to the circuit court, which on February 6, 1902, rendered judgment reversing the judgment of the county court, and ordering the county court to proceed to examine the claim. From this judgment the executor appeals to this court.

For the appellant there was a brief by *Tullar & Lockney,* and oral argument by *D. S. Tullar.* To the point that the appeal did not affect the order limiting time to creditors and directing publication, they cited *Sexton v. Pickett,* 24 Wis. 346; *State ex rel. C. & N. W. R. Co. v. Burnell,* 102 Wis. 232; *Brader v. Brader,* 110 Wis. 423; *Lothrop v. Conely,* 39 Mich. 757; *Cone v. Dunham,* 59 Conn. 145, 20 Atl. 311, 8 L.

R. A. 647; *Richter v. Leiby,* 99 Wis. 512; *Smith v. Schreiner,* 86 Wis. 19; *Dutcher v. Culver,* 23 Minn. 415; *Robertson v. Davidson,* 14 Minn. 554; *Merchants' Mut. Ins. Co. v. Hill,* 17 Mo. App. 590.

For the respondent there was a brief by *Ryan, Merton & Newbury,* and oral argument by *E. Merton.* They cited *Gianella v. Bigelow,* 96 Wis. 199; *Gaston v. Babcock,* 6 Wis. 503; *In re Fisher,* 15 Wis. 511; *Richter v. Leiby,* 99 Wis. 516; *In re Gihon's Will,* 61 N. Y. Supp. 244, 62 N. Y. Supp. 426; *State ex rel. Hamilton v. Guinotte,* 156 Mo. 513, 57 S. W. 281; *Hicks v. Hicks,* 12 Barb. 322; *Vreedenburch v. Calf,* 9 Paige, 128.

WINSLOW, J. There is but a single question of law in this case, and that is easily stated: A will was duly admitted to probate, and the executor qualified. On the same day an order was made limiting the time for the presentation of claims against the estate, and three days afterwards the publication of the notice of such order was begun. A few days after the first publication an appeal to the circuit court was taken from the order admitting the will to probate, and a trial was had, resulting in reversal of the order, followed by an appeal to this court, upon which the judgment of the circuit court was reversed and the cause remanded with directions to affirm the original order of the county court. The publication of the notice to creditors proceeded without interruption, notwithstanding the appeal. The claimant did not present her claim within the time limited by the order, but presented the same about six months after the expiration of that time, but before the record was returned to the county court, and claims that the appeal from the order of probate suspended the operation of the order limiting the time for the presentation of claims while such appeal was pending. Our statutes provide that the county court shall by order fix the time within which creditors shall present their claims for examination and allow-

ance, and give notice thereof by publication for four consecutive weeks (sec. 3840, Stats. 1898); also that every claim not presented within the time limited shall be forever barred (sec. 3844). It is also provided by sec. 4036 of the same statute that, after an appeal is claimed and notice given, "all further proceedings in pursuance of the act appealed from shall cease until the appeal shall be determined." It is admitted that, unless this clause operates to stay the running of the limitation, it is not stayed. We think it is clear that it does not do so. Neither the publication of the notice to creditors, nor the running of the limitation, can properly be called a proceeding "in pursuance of" the order admitting the will to probate. The order limiting the time for creditors to present claims may perhaps be so called, although this is not decided; but this order had been made at the time the appeal was taken, and hence it could not be affected thereby.

*By the Court.*—Judgment reversed, and action remanded with directions to affirm the judgment of the county court.